IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ronald Chappell,                  :

       Plaintiff,          :    Case No. 2:15-cv-1110

 v.                               :    JUDGE MICHAEL H. WATSON
                                      Magistrate Judge Kemp
Donald Morgan, et al.,           :

       Defendants.         :

REPORT AND RECOMMENDATION
AND ORDER

    Plaintiff Ronald Chappell, currently a prisoner at the Southern Ohio Correctional Facility, filed this action under 42 U.S.C. §1983 arising from his transfer to that facility from the Lorain Correctional Institution.  Currently before the Court are several pending motions, including a motion for judgment on the pleadings filed by the two named defendants, former SOCF Warden Donald Morgan and Chief Brian Wittrup of the Ohio Department of Rehabilitation and Correction Bureau of Classification, and Mr. Chappell's motions for a preliminary injunction and to amend.  For the following reasons, the Court will recommend that the motion for judgment on the pleadings be granted and that the motion for a preliminary injunction be denied.  The Court will deny the motion to amend.  Further, the Court will resolve all of the other pending motions as set forth below.

                             I.  Background

   Mr. Chappell filed his complaint on April 3, 2015, alleging, in part, violations of his Eighth Amendment right to be free from cruel and unusual punishment.  Defendants filed their answer on June 26, 2015.  On July 10, 2015, Mr. Chappell filed an amended complaint containing the following allegations.

On October 19, 2012, Mr. Chappell was sentenced to serve five years in the Lorain Correctional Institution, a Level 3 institution.  On December 2, 2013, he was transferred to SOCF, a Level 4 prison.  Since arriving at SOCF, Mr. Chappell has been "attacked, threatened, tortured by staff inmates" and has "been attacked sexually."  Mr. Chappell asserts that his being required to serve  his sentence at an institution other than the one to which he was sentenced, and at a higher security level, is a violation of his Eighth Amendment rights.  Mr. Chappell names the defendants in both their official and individual capacities and makes the following specific allegations against them, restated here verbatim:

> Defendant Warden violated my 8th, 14th, 5th amend. rights by accepting me at this prison and allowing my execution of sentence for case 12CR111 to continue at this prison.  Him violating my Const. rights subjected and caused me to be subjected to the deprivation of the mentioned Const. rights.  Showing deliberate, reckless, calloused indifference to the deprivations by not correcting it once it was brought to his attention and by accepting and continuing the deprivation caused me to suffer and endure severe physical injury, severe pain and suffering, sever emotional distress, and torture all of which were incessant.  All of the mentioned above claims violated my right to be free from cruel and unusual punishment being inflicted and deprived me of my right to equal protection of the laws and due process of law which are secured by the 8th, 14th, 5th amend of US Const.
>
> Defendant Chief of Classification Bureau deprived me of the mentioned const. Rights by approving the transfer and transferring me and refusing to correct the deprivation once it was brought to his attention.  The actions and deliberate, reckless, calloused indifference to the deprivation once it was brought to his attention.  The actions and deliberate, reckless, calloused indifference to the deprivations caused me to endure sever physical injury, sever pain and suffering, sever emotional distress and torture all of which are incessant.

Additional pending motions include Mr. Chappell's motion for a preliminary injunction and a motion for leave to amend the complaint. In his motion for a preliminary injunction, Mr. Chappell makes generalized allegations of torture and the denial of medical care similar to those in the amended complaint. He requests, as relief, to be transferred back to the Lorain Correctional Institution. Through his motion for leave to amend, Mr. Chappell seeks to incorporate a section from his original complaint into his amended complaint.

## II. Motion for Judgment on the Pleadings

Defendants have moved for judgment on the pleadings as to both Mr. Chappell's original and amended complaints. In their motion, defendants assert that they are entitled to Eleventh Amendment immunity for any claim for money damages against them in their official capacities. Further, they contend that any claim for injunctive relief made against them in their official capacities relates only to past violations and is, therefore, subject to dismissal. With respect to the claims directed to them in their personal capacities, defendants make two arguments: that Mr. Chappell's complaint fails to meet minimal pleading standards, and that they cannot be held personally liable under a respondeat superior theory.

In his response, Mr. Chappell contends that, with respect to his claims directed to defendants in their official capacities, Ohio has waived its immunity from suit and his request for injunctive relief is "for the deprivation of my rights and the continuing deprivation of my rights." With respect to the issue of minimal pleading standards, Mr. Chappell asserts that "[m]ore specific facts can and will be provided when I am provided with the discovery that I request." Finally, he argues that his complaint alleges the defendants' personal involvement. With respect to Mr. Morgan, Mr. Chappell states "[d]efendant Donald

Morgan accepted me at SOCF and showed his deliberate, reckless, calloused indifference to my deprivations and safety and medical needs by not correcting them and ceasing them when made aware and allowing the stuff to continue." With respect to Mr. Wittrup, Mr. Chappell asserts "Defendant Brian Wittrup approved the transfer and security level increase for illegitimate reasons and refused to correct it when I sent my appeal letter for it."

### III. Legal Standard

A motion for judgment on the pleadings filed under Fed.R.Civ.P. 12(c) attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss. Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir.1979). In ruling upon such motion, the Court must accept as true all well- pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973). The same rules which apply to judging the sufficiency of the pleadings apply to a Rule 12(c) motion as to a motion filed under Rule 12(b)(6); that is, the Court must separate factual allegations from legal conclusions, and may consider as true only those factual allegations which meet a threshold test for plausibility. See, e.g., Tucker v. Middleburg-Legacy Place, 539 F.3d 545 (6th Cir. 2008), citing, inter alia, Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). It is with these standards in mind that the motion for judgment on the pleadings must be decided.

### IV. Analysis

Initially, the Court notes that the operative complaint in this case is Mr. Chappell's amended complaint. As such, it contains all of Mr. Chappell's claims against the defendants, and the prior complaint has no legal impact. Consequently, for

purposes of ruling on the motion for judgment on the pleadings, the Court will limit its consideration to the allegations of the amended complaint.

The focus of Mr. Chappell's amended complaint appears to be his desire to be transferred back to the Lorain Correctional Institution.  He contends that there was no reason to transfer him from that prison to SOCF and that SOCF is a higher security level prison.  In further support of his request for a transfer, back to Lorain, he contends that he has been subject to physical attacks since his transfer to SOCF.

With respect to Mr. Chappell's claim for damages against the defendants in their official capacities, defendants are correct that they are entitled to Eleventh Amendment immunity.  The Eleventh Amendment to the United States Constitution bars suits against either a state or agencies of a state by citizens of that state. <u>Edelman v. Jordan</u>, 415 U.S. 651 (1974).  Under certain circumstances, a suit against an individual state official may nonetheless be deemed to be a suit against the state and therefore barred by the Eleventh Amendment.  The primary test for determining whether the state is the real party in interest in a suit is whether the source of any funds from which a damage award would be paid would be the state treasury.  <u>Edelman</u>, <u>supra</u>. Suits against state officials in their official capacities are deemed to be suits against the state, so that a damage award would run against the state treasury, exactly the relief barred by the Eleventh Amendment. <u>Kentucky v. Graham</u>, 473 U.S. 159 (1985).  Additionally, if an individual is alleged to have only vicarious liability as a result of his official position, any damage award made (if one were permissible) would necessarily be against the office rather than the officeholder and therefore be an award against the state.  <u>See Ford Motor Co. v. Department of the Treasury</u>, 323 U.S. 459 (1945); <u>see also Hall v. Medical</u>

College of Ohio, 742 F.2d 299 (6th Cir. 1984), cert. denied 469 U.S. 1113 (1985).  When a suit is barred by the Eleventh Amendment, the Court lacks jurisdiction over it and it must be dismissed without prejudice.  Cf. Gwinn Area Comm. Schools v. State of Michigan, 741 F.2d 840, 846-47 (6th Cir. 1984). Consequently, Mr. Chappell's claims for monetary relief against defendants in their official capacities must be dismissed under the Eleventh Amendment.

To the extent that Mr. Chappell is contending that defendants are liable in their personal capacities or that he is entitled to injunctive relief because his transfer, by itself, violated his constitutional rights, he cannot succeed.  It is well-settled that inmates have no right to be housed in a particular institution or be held in a specific security classification.  Harbin-Rey v. Rutter, 420 F.3d 571, 576, 577 (6th Cir. 2005), citing Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976).

Mr. Chappell also asserts, however, that his Eighth Amendment rights have been violated following his transfer. Certainly, if the consequence of being transferred to a different institution is that the prisoner is subjected to cruel and unusual punishment at that institution, the prisoner may have a claim for an Eighth Amendment violation which is independent of whether the transfer was constitutional.  Mr. Chappell's claims on this score are subject to dismissal, however, because he has pleaded no facts beyond conclusory allegations or legal conclusions.

In order to survive a motion to dismiss or a motion for judgment on the pleadings, a complaint must contain factual allegations sufficient to "raise the claim above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Conclusory allegations without specific facts do not

state a claim under §1983.  Id.; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice").

Here, Mr. Chappell alleges only a general pattern of assaultive behavior on the part of others at SOCF.  His complaint does not describe a single instance of assault, does not indicate whether all of these assaults were committed by other inmates or by guards, does not say when they occurred, does not explain how, if at all, he was injured, and does not provide anything other than the most general assertions about what has happened to him.

This lack of specificity is especially important if, as the complaint seems to suggest, most of the behavior about which Mr. Chappell complains has been engaged in by other inmates.  No prison official, including a first-level corrections officer (which is not the position held by either of the named defendants), is liable when one inmate attacks another unless certain circumstances are present.  Those generally include either an actual awareness that conditions at a prison create a substantial risk that violence will occur, or knowledge of a specific threat to the inmate in question, coupled with the failure to take steps to avert an attack.  See generally Rider v. Louw, 957 F.Supp. 983, 985-86 (E.D. Mich. 1997), citing Farmer v. Brennan, 511 U.S. 825, 834-37 (1994).  No such allegations appear in the complaint.  Although Mr. Chappell argues, in his response, that he can provide more specifics about his claims after he receives discovery, one of the purposes of the pleading rules set forth in cases like Twombly and Iqbal is to prevent a party from asserting conclusory claims and then subjecting the defendants to the expense of discovery.  See, e.g., Iqbal, at 678-79 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the

doors of discovery for a plaintiff armed with nothing more than conclusions"). Moreover, as the alleged victim of these attacks, Mr. Chappell should have been able to provide the type of detail in his complaint necessary to survive a motion to dismiss on these grounds.

There is a second, related reason why his complaint against these two specific defendants does not state a claim upon which relief can be granted. Allegations of direct involvement in constitutional deprivations, rather than attempts to impose liability by virtue of the doctrine of *respondeat superior*, are necessary in order to hold an individual defendant liable under §1983. Monell v. Department of Social Services, 436 U.S. 658 (1978). Although there are other legal claims that can properly be asserted against a supervisor simply because someone under his or her supervision may have committed a legal wrong, liability for constitutional deprivations under 42 U.S.C. §1983 cannot rest on such a claim. Consequently, unless the plaintiff's complaint affirmatively pleads the personal involvement of a defendant in the allegedly unconstitutional action about which the plaintiff is complaining, the complaint fails to state a claim against that defendant and dismissal is warranted. See also Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). This rule holds true even if the supervisor has actual knowledge of the constitutional violation as long as the supervisor did not actually participate in or encourage the wrongful behavior. See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (prison officials cannot be held liable under §1983 for failing to respond to grievances which alert them of unconstitutional actions); see also Stewart v. Taft, 235 F.Supp.2d 763, 767 (N.D. Ohio 2002) ("supervisory liability under §1983 cannot attach where the allegation of liability is based upon a mere failure to act").

It is clear that Mr. Chappell does not allege that he was

directly assaulted by either the former SOCF Warden or by Mr. Wittrup, who works in the central office of ODRC in Columbus. He also does not allege that either of them was aware, in advance, that any specific inmate or guard intended to harm him. Rather, he claims that after he alerted each of them to the fact that he was being attacked or assaulted at SOCF - again, without providing any details as to what he told them or when - they allowed the situation to continue. To the extent that he claims they are liable because they failed to answer his grievances satisfactorily, that is not the kind of direct personal involvement in a constitutional violation that can lead to liability under §1983. Alternatively, to the extent that he claims they knew that by keeping him at SOCF he was going to get attacked or assaulted, he has not given the Court any facts in his complaint from which that claim can be evaluated. Any inmate could make the general types of claims contained in Mr. Chappell's complaint and ask for a transfer; only if there are specific facts to back up the claims can the Court allow the case to proceed against supervisory officials like Mr. Morgan or Mr. Wittrup, and there are none here. For these reasons, the Court will recommend that the motion for judgment on the pleadings be granted.

   Mr. Chappell has also moved for preliminary injunctive relief. One of the factors which justifies the grant of an injunction is a likelihood of success on the merits, and that is often the most important consideration. See generally Workman v. Bredesen, 486 F.3d 896, 905 (6th Cir. 2007). The Court's discussion of the motion for judgment on the pleadings shows that it is not likely that Mr. Chappell will succeed on the merits of his claims. Accordingly, Mr. Chappell has no likelihood of success on the merits, and the Court will recommend that the motion for preliminary injunction be denied as well.

V. <u>The Motion for Leave to Amend</u>

Through this motion, Mr. Chappell seeks a second amendment to add paragraph 2a of his original complaint as paragraph 13a to his current complaint. The proposed amendment, paragraph 2a of his original complaint, states:

> Since arriving at this place I have been shown deliberate indifference to the torture, abuses, threats, attacks and denial of necessary medical care which are all part of the subjection to cruel and unusual punishment being inflicted against me at this place. I repeatedly asked for protective control from the staff and inmates committing these acts against me and the respondents repeatedly refused to give me protective control and continued to allow these tortures, abuses, threats, attacks and denial of necessary medical care continue. Both respondents have repeatedly refused to respond to the many requests for protective control and AR5120-9-14 say a PC hearing has to be held in 72 hours after the request but I never had a PC hearing. Please see 5120-9-14 at Appendix C. I filed a mandamus action in the Ohio Supreme Court Case 14-1256 but I was showed judicial bias and it was dismissed on frivolous grounds. I filed another mandamus action and asked court to order Donald Morgan to give me PC but he responded saying he is not the insurer of inmate safety on page 5 of his motion to dismiss. He never denied or refuted that these inflictions of cruel and unusual punishment are occuring. Please see p.3 of motion to dismiss. I've filed grievances about the attacks and PC concerns to no avail. And since the motion to dismiss was filed I was almost stabbed on 2-13-15 and I had my face busted and I was called a snitch and I had to get stiches in my face. I filed grievances and complaints on this also to no avail. Respondents are doing nothing to protect me or to deter future acts of these kinds from occuring. The grievances and medical records are confidential and I ask this Court to issue a order allowing me to file them under seal. I was told by medical staff that I can't get the medical records unless they are court ordered. I ask this Court to order the records in the interest of justice. I also ask this Court to order the video evidence of the 2-13-15 incident in the interest of justice.
>
> I am still being threatened and tortured. I am still

-10-

> in imminent danger of being attacked.  The respondents
> are still showing deliberate indifference to these
> attacks, tortures, threats and they are still
> subjecting me to the deprivation of my 8th and 14th
> amendment rights.
>
> For the reasons stated above the respondents have
> subjected me to the deprivation of my rights to be free
> from cruel and unusual punishment being inflicted and
> equal protection of the law which are secured by the
> 8th and 14th amends of US Const by showing me deliberate
> indifference to the attacks, abuses, threats, tortures
> by staff and inmates and the denial of necessary
> medical care.

Although the motion is unopposed, for the following reasons the Court will recommend that it be denied on grounds of futility.

First, to the extent that Mr. Chappell is attempting to state a claim by alleging that defendants failed to comply with administrative policies relating to protective custody hearings, his claim must fail.  An alleged failure to comply with an administrative rule or policy does not rise to the level of a constitutional violation.  Laney v. Farley, 501 F.3d 577, 581 n.2 (6th Cir. 2007).  Further, to the extent that Mr. Chappell is suggesting that the defendants violated his rights by disregarding his grievances, he has no constitutional right to a prison grievance procedure.  Young v. Gundy, 30 Fed.Appx. 568, 569-70 (6th Cir. 2002); LaFlame v. Montgomery County Sheriff's Department, 3 Fed.Appx. 346, 348 (6th Cir. 2001).  Further, there is no liability where officials' only involvement is deny administrative grievances and to fail to remedy alleged behavior or intervene on an inmate's behalf.  Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

Additionally, to the extent that Mr. Chappell may be attempting to assert an Eighth Amendment claim either based on the denial of medical care or the failure to keep him safe, his

allegations do not set forth the personal involvement of either defendant.  Rather, this claim also appears directed to the defendants solely as a result of their supervisory positions, and it is similarly lacking in the necessary detail to survive a motion to dismiss.

### VI. Remaining Motions

The parties have filed several additional motions.  In light of the recommendations set forth above, the Court will deny all remaining motions as moot.

### VII. Recommendation and Order

For the reasons stated above, it is recommended that the motion for judgment on the pleadings (Doc. 41) be granted.  It is further recommended that the motion for preliminary injunction (Doc. 31) be denied.  The motion for leave to amend (Doc. 47) is denied for the reasons set forth above.  Further, the following motions are denied as moot: motion for service (Doc. 14); motion for protection custody (Doc. 15); motion for protection (Doc. 23); motion to appoint counsel (Doc. 24); motion for copy of amended complaint(Doc. 30); motion to stay discovery (Doc. 42); and motion to compel discovery (Doc. 45).

### PROCEDURE ON OBJECTIONS TO THE REPORT AND RECOMMENDATION

If any party objects to the Report and Recommendation on the motion for judgment on the pleadings and motion for preliminary injunction, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations

made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

<u>MOTION FOR RECONSIDERATION OF THE ORDER</u>

If any party objects to the remainder of this order, that party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/Terence P. Kemp
United States Magistrate Judge