UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ronald Chappell,

    Plaintiff,

    v.                                        Case No. 2:15–cv–1110

Donald Morgan, *et al.*,                Judge Michael H. Watson

    Defendants.

## OPINION AND ORDER

On February 4, 2016, Magistrate Judge Kemp issued a report and recommendation ("R&R") regarding various motions filed by Ronald Chappell ("Plaintiff"). R&R, ECF No. 53. Magistrate Judge Kemp recommended the Court grant Defendants' motion for judgment on the pleadings, ECF No. 41, and deny Plaintiff's motion for preliminary injunction, ECF No. 31. R&R 12, ECF No. 53. Additionally, Magistrate Judge Kemp denied Plaintiff's motion for leave to amend, ECF No. 47, and denied several of Plaintiff's other motions as moot. *Id.* Plaintiff objects to Magistrate Judge Kemp's findings regarding the motion for judgment on the pleadings and the motion for preliminary injunction. ECF No. 55. Plaintiff also moves for reconsideration of Magistrate Judge Kemp's denial of several motions as moot. ECF No. 54. For the following reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, and **DENIES** Plaintiff's motion for reconsideration.

## I. ANALYSIS

Magistrate Judge Kemp recommended the Court grant Defendants' motion for judgment on the pleadings on the grounds that: **(1)** Defendants are entitled to Eleventh Amendment immunity from Plaintiff's official capacity claims for damages; **(2)** Plaintiff's claims for injunctive relief and his individual capacity claims based on his transfer to another institution fail because a transfer does not give rise to an Eighth Amendment violation; and **(3)** Plaintiff's individual capacity claims based on alleged post-transfer violations fail for failure to plead specific facts and failure to plead Defendants' direct involvement.

Plaintiff first objects to Magistrate Judge Kemp's finding that his transfer to another institution does not give rise to an Eighth Amendment violation.  Plaintiff argues that he has the right to serve the specific sentence that he was ordered to serve, which was a term of imprisonment *at Lorain Correctional Institution*, and that his transfer to a higher security prison constitutes cruel and unusual punishment.  In support, he cites *Abernathy v. Cunningham*, 393 F.2d 775 (4th Cir. 1968), in which the United States Court of Appeals for the Fourth Circuit found that an inmate's confinement in a maximum security institution was not arbitrary or capricious.  393 F.2d at 778.  Plaintiff infers from that finding that housing in a maximum security institution *can* constitute cruel and unusual punishment if arbitrarily or capriciously imposed and appears to aruge that his transfer to a higher security institution constitutes cruel and unusual punishment.  Obj. 1, ECF No. 55.  Plaintiff's argument is not well taken.  Magistrate Judge

Kemp correctly explained that Plaintiff does not have a right to be housed in a particular institution, and Plaintiff does not point to specific allegations sufficient to plausibly show that his transfer otherwise rose to the level of cruel and unusual punishment. Plaintiff's objection is therefore overruled.

Plaintiff next disputes Magistrate Judge Kemp's finding that Plaintiff failed to plead Defendants' direct involvement in Plaintiffs' alleged violations. Plaintiff argues that he sufficiently pleaded Defendants' direct involvement, pointing to allegations regarding their involvement in his transfer. Obj. 2, ECF No. 55. Even assuming Plaintiff adequately pleaded Defendants' direct involvement in his transfer, however, that involvement would not give rise to liability, as the transfer does amount to an Eighth Amendment violation. Indeed, Magistrate Judge Kemp faulted Plaintiff for failing to allege Defendants' direct involvement with respect to allegations regarding assaultive behavior that occurred after his transfer, not the transfer itself. Plaintiff's objection is therefore overruled.

In light of the Court's ruling on Plaintiff's objections, the Court denies Plaintiff's motion for reconsideration seeking to overturn the denial of his remaining motions as moot.

## II. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, ECF No. 55, and **ADOPTS** the R&R, ECF No. 53. As such, Plaintiff's motion for preliminary injunction, ECF No. 31, is **DENIED**, and Defendants' motion for judgment on the pleadings, ECF No. 41, is **GRANTED**. Additionally, Plaintiff's

motion for reconsideration, ECF No. 54, is **DENIED**, and Plaintiff's objection, ECF No. 33, is **DENIED** as moot.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**